MC-275

Name *ART Romo * T-63019

Address P.O. Box # 7500 / D1-216

CRESCENT CITY, CA. 95532

Pelican Bay State Prison, SHU.

CDC or ID Number T-63019

E-filing

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

JF 530 MG

IN THE UNITED STATES DISTRICT COURT

for THE NORTHERN DISTRICT OF CALIFORNIA

(Court)

---

ART Romo
Petitioner

vs.

Robert A. Horel, WARDEN; et, AL,
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. CV   08   1418

(To be supplied by the Clerk of the Court)

JF
(PR)

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

- ☐ A conviction
- ☐ A sentence
- ☐ Jail or prison conditions
- ☐ Other (specify): _____ SEE PETITION (Attached)
- ☐ Parole
- ☐ Credits
- ☒ Prison discipline

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Your name: _____

Where are you incarcerated? _____

Why are you in custody?  ☐ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_____

_____

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: _____

d. Case number: _____

e. Date convicted or committed: _____

f. Date sentenced: _____

g. Length of sentence: _____

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address:

_____

_____

What was the LAST plea you entered? *(check one)*

☐ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other:

If you pleaded not guilty, what kind of trial did you have?

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

5. GROUNDS FOR RELIEF

Ground 1: · State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

See Attached Petition

PELICAN LAW STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

a.  Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED Petition

b.  Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED PETITION

SEE ATTACHED PETITION

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

a. Supporting facts:

SEE ATTACHED PETITION

b. Supporting cases, rules, or other authority:

SEE ATTACHED PETITION

Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

b. Result: _____  c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

    (2) _____

    (3) _____

f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

_____

Did you seek review in the California Supreme Court? ☐ Yes. ☐ No. If yes, give the following information:

a. Result: _____  b. Date of decision: _____

.. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

    (2) _____

    (3) _____

0. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

1. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    I sought And completed All levels of Administrative remedies as set forth by State and federal law. (SEE Attached Petition; And Also Attached EXHIBIT "A" pgs 1-19; And EXHIBIT "B" pg 1)

_____

_____

_____

_____

_____

  b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**

Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

PELICAN [BAY STATE] PRISON
SECURITY HOUSING UNIT
UNIT D-1

b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

. Are you presently represented by counsel? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

_____

. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that e foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as those matters, I believe them to be true.

ate: _____

▶ ✗ _Art Romo_

(SIGNATURE OF PETITIONER)

ART Romo #T-63019

P.O. Box #7500 / 01-216L

Crescent City, CA. 95532

Pelican Bay State Prison, SHU.

   In Pro Per

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

In The United States District Court

for The Northern District Of California

| | |
|---|---|
| ART ROMO | CASE NO. _____ |
|    Petitioner | |
| V. | Motion of Petition Of |
| Robert A. Horel, Warden; | WRIT of Habeas Corpus; |
| Et. Al.;  Defendant(s) | And Attached Exhibits; |

## INTRODUCTION
### I

   I, ART Romo, (Petitioner), am an inmate confined at Pelican Bay State Prison (PBSP); In the Security Housing Unit (SHU); Crescent City, California.

   Petitioner arrived at Pelican Bay State Prison (PBSP) on the 23rd of May, on the year of 2005, to complete an indeterminate

(1)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

SHU-term from Corcoran State Prison.

Petitioner recieved a CDC-115 on June 26th, 2006, for [supposedly] "Promoting Gang Activity"; i.e., three (3) postal money order's: one (1) postal money order from Petitioner's sister, to petitioner. The second was to a friend for assistance on legal work, as well as the third postal money order, was for legal assistance. (see attached exhibit "A", pgs. 6-14; dated June 26th, 2006.)

Now, Institutional Gang Investigator(s) (IGI), Correctional Officer (C/O) W. coleman not only went out of his way to confiscate and/or detain all three (3) postal money order's from reaching there destination(s), but took it above and beyond the scope of his licensure, and not only disregarded federal and State rules governing the detention of federally regulated postal services; But failed to provide adequate support for the detention. Then, after being ordered to return said mentioned Postal money orders to the sender, And without any notice, verification, that in fact they were sent, Petitioner's sister has not recieved Anything with the said mentioned Postal money orders. Petitioner has tried to aquire the verification via the Counselor, CCII Baents, but to no avail, has anything been found. (see attached exhibit "B", pg 1; dated february 19th, 2008.)

PELICAN E A . STA E PRISON
SECURITY HOUSING UNIT
UNIT D-1

PARTIES

II

1.) Art Romo (Petitioner), a prisoner confined at Pelican Bay
State Prison (PBSP), Security Housing Unit (SHU);

2.) Robert A. Horel, Warden at Pelican Bay State Prison (PBSP),
responsible for the operation, management, and security
of ALL inmate(s) and staff;

3.) M. Smelosky, Acting Warden (A.W.), at Pelican Bay State
Prison (PBSP), responsible for the operations, management, and
security of ALL inmate(s) and staff;

4.) G. A. Kelley, Captain at Pelican Bay State Prison (PBSP),
responsible for the operation, management, and security
of ALL inmate(s), and facility; And also participates on
the classification process;

5.) S. C. Castro, Correctional Lieutenant, Institutional Gang
Investigator (IGI), responsible for any / ALL validation(s),
housed at Pelican Bay State Prison (PBSP); Also, responsible
for overseeing any / all investigations, and verification
of ALL validation(s) here at Pelican Bay State Prison,

(3)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

(PBSP), Security Housing Unit (SHU);

6.) W. Harding, sergeant at Pelican Bay State Prison (PBSP), responsible for the welfare of ALL inmate(s), as well as their concerns, complaints; And to investigate, question, and verify facts - pertaining to inmate(s);

7.) W. Coleman, Institutional Gang Investigator (IGI), Correctional Officer (C/O), at Pelican Bay State Prison (PBSP), Security Housing Unit (SHU), responsible for any/all Validation(s) to inmate(s) housed at Pelican Bay State Prison; Also, responsible for the investigation(s), questioning, and verification of Any and ALL facts, pertaining to Any inmate(s) validation.

## FACTS
## III

Petitioner recieved a CDC-115 (rules violation) on June 26th, 2006; And on this CDC-115, Institutional Gangs Investigator (IGI) Correctional Officer W. Coleman confiscated three (3) Postal money order's (Later ordered to return to sender), for [supposedly] "Promoting Gang Activity"; Petitioner's Sister had sent three (3) Postal money orders, one to Petitioner; one

(4)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

to each of two individuals whom helped Petitioner with his legal matters. (See Attached Exhibit "A", pgs. 6-14; dated June 26th 2006.)

Petitioner, trying to seek justice, submitted a CDC-602 inmate/Parolee Appeal form on August 20th 2006, seeking relief through the Prison's Administrative remedies. In this 602, Petitioner stated that on June 26th 2006, he was given a copy of R.V.R.'s D06-06-0015; On July 29th 2006, at the hearing, Petitioner submitted a declaration as to the facts on which Petitioner declared to be true, to the best of his knowledge. (See Attached Exhibit "A", pgs 4-5; dated August 20th 2006.); Also with him were copies of the writs to validate his sending of money to said mentioned individuals, for helping Petitioner with legal work.

On September 7th 2006, O.W. Bradbury, Pelican Bay State Prison's Appeals Coordinator, returned Petitioner's CDC-602 stating that he must attach a copy of the final disciplinary action and All supplemental reports; Along with shortening Petitioner's description to one (1) page.

Petitioner did as directed, and with a log No. D06-02467, Petitioner's CDC-602 was by passed thru to the Second level of review.

(5)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

On November 13th 2006, Petitioner recieved his second level reviewer response...."denied"; Stating that Petitioner reiterated at the hearing that the funds were [not] compensation for Gang related activity, but rather a gesture of good will for the individual's efforts with his legal matters. Nevertheless, the (SHO) also considered the circumstances as reported by the (RE) and established that a preponderance of evidence existed to substantiat the charge. (See attached exhibit "A", pgs 16-17; dated November 6th 2006.)

On November 29th 2006, Petitioner submitted his third and final level of review; "Dissatisfied with the Second level reviewer's response; And Stated that the alegations were false, and without merit; That the Correctional officer and/or Director failed to send [ALL] three (3) postal money order's back to Petitioner's sister; And that his sister has a different address from the one on the visiting form; because she moved after the visiting form was filled out.

Furthermore, Pelican Bay State Prison (PBSP) has dissaproved Petitioner's sister from visiting, because of the blaunted disregard for Policies and Procedures governing institution's such as this one for retalitive tactics, Just because Petitioner has the means to help those, whom help him.

(6)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

(see attached exhibit "A", pg.2; dated November 29th 2006.)

On Febuary 26th 2007, Petitioner recieved his third and final level of review ...."denied", finding that the documentation and argument's are persuasive that the Appellant has failed to support his appeal issues with Sufficient evidence or facts to warrent a modification of the Second level of review.

Third level reviewer did [not] do Any type of independant investigation into this matter, other than reiterate Second level's finding's. (See Attached exhibit "A", pgs. 18-19; dated Febuary 26th 2007.)

On Febuary 6th 2008, Petitioner confronted CCII, Counselor Barnts about why his Sister [had not] recieved the three(3) Postal money order's that were Unconstitutionally confiscated by Pelican Bay State Prison Staff. CCII Barnts Stated he would Look into the matter.

On Febuary 19th 2008, CCII Barnts Sent Petitioner an Inmate Request for interview (GA-22), which Stated that Petitioner needed to prove that the money order's were not Sent back to the sender; furthermore, Institutional Gang Investigator (IGI), Correctional Leiutenant Castro, claims to have had

(7)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

the Postal money orders returned to sender; But [will not] send Petitioner either the date as to which the three(3) Postal money orders were mailed; nor will he give Petitioner the tracer number, in order to track down the postal money orders that were [supposedly] returned to sender.

Petitioner now asserts that the foregoing is but a Sample of the violations Petitioner faces on a daily bases. The insufficient, uncooperative, and incoherent investigative work done by Pelican Bay State Prison (PBSP) Institutional Gang Investigator(s) violates Petitioner's constitutional rights under both State and federal laws; Clauses of Due Process; And EQUAL Protection.

Petitioner Stipulates that the onstitution is clearly in violation of it's own rules, and the underground policies in which it relies upon cannot be enforced without violating State and federal rights under it's constitutional guarentees.

Petitioner has exhausted [ALL] State remedies of this administration; And thus seeks relief in this honorable Court.

/// 

/// 

///

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

## CONTENTIONS
### IV

I.    THE ARBITRARY APPLICATIONS OF RULES USED TO RETAIN PETITIONER'S MONEY FROM FAMILY VIOLATES THE "EQUAL PROTECTION CLAUSE", AND THE RELIANCE ON AN UNDERGROUND POLICY VIOLATES STATE REGULATIONS AND LAWS.

II.    THE CONTINUED RETENTION OF PETITIONERS POSTAL MONEY ORDER(S) FROM HIS FAMILY, BASED ON A "PREDICTIVE" THEORY, VIOLATES ALL BASIC PRINCIPLES OF DUE PROCESS.

(9)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
        UNIT D-1

## PRAYER FOR RELIEF

Petitioner is without remedy save by writ of
Habeas Corpus;

Wherefore, Petitioner Pray's the Court...,

1.) Issue a writ of Habeas Corpus;

2) Order release of said Postal money Orders in the
total amount of $500.00, to Petitioner's sister;

3.) Declare rights of Parties;

4.) Declare Petitioner's claims to be true;

5.) Appoint counsel And award reasonable Attorney
fee's;

6.) Grant Any other, And further relief, the court
deem's proper and Just;

Dated, February 27th, 2008        Respectfully Submitted

                                  /s/ Art Romo

                                  ART ROMO /#T-63019

                                  In Pro Per

(10)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

VERIFICATION

I, ART ROMO, #T-63019, state;

I am the Petitioner in this action herein; I have read the following Petition for Writ of Habeas Corpus; And the facts stated therein are true of my knowledge, except as matters that are therein stated on my own information and belief, and as to be those matters, I believe to be true.

I declare under Penalty of Purjury that, the foregoing is true and that this declaration was executed at Pelican Bay State Prison, crescent city, California, in the county of Del Norte, on this 27th day of Febuary, in the year of 2008.

Respectfully Submitted

[s] Art Romo

ART ROMO /#T-63019

In Pro Per

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

<u>MEMORANDUM OF POINTS AND Authorities</u>

I

THE ARBITRARY APPLICATIONS OF RULES
USED TO RETAIN PETITIONERS POSTAL
MONEY ORDER'S FROM FAMILY VIOLATES
THE "EQUAL PROTECTION CLAUSE", AND
THE RELIANCE ON AN UNDERGROUND
POLICY VIOLATES STATE AND FEDERAL
REGULATIONS AND LAWS.

The continued retention of Petitioner's Postal money orders from his sister and/or family is based soley upon the opinions of [supposed] Institutional Gang Investigator's, whom cannot even see one issue from the other; But with one mind set... that every thing is "Gang-related"; And blanketedly misconstrued three (3) seperate Postal money orders, as [supposedly] "Promoting Gang Activity. These Prejudicial tactic's towards Petitioner, as well as many others is not only unpredictable, but is illegal, immoral, and violates Petitioners State and federally Constituted rights.

Petitioner's sister sent Postal money order's to two (2) different individuals for Christmas, for their help in Petitioner's legal matters. Then, once recieved by Pelican Bay State Prison mail room staff, the three (3) Postal money

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

money orders were confiscated by institutional Gang Investigator (IGI's) correctional Officer (%) W. coleman; who then took it upon hisself to, confiscate and/or retain said money order's till further inspection. Hence, the confiscated postal money order's were ordered to be returned to sender (see Attached Exhibit "A", pg. iii, dated July 26th, 2006); But Pelican Bay State Prison has yet to comply and/or give evidence to the contrary.

   This retention of Petitioner's postal money orders from his family violates the "EQUAL PROTECTION CLAUSE" of the fourteenth Amendment, which is a federally Protected, guarenteed by the constitution of the United States; It requires states to treat similarly situated people alike; It prohibits a state from denying [Any] person within its jurisdiction, the "EQUAL Protection" of the law.

   "... the 14th Amendment's EQUAL PROTECTION
   clause to anyone, citizen or Alien, who is
   subject to law's of a state..." (Plyer V. Doe,
   457 U.S. 202 (1982))


   "The EQUAL PROTECTION clause" extends to Prisoner(s) of the state as well as to those law's, rules and regulations, issued by the state.
   "... the touchstone of DUE PROCESS is
   Protection of the individual against

(13)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

arbitrary action of Government..."
(Dent v. West Virginia, 129 U.S.
114, 123 (1889)[4]

    Petitioner asserts that the institutional arbitrary retention and continued neglect not to return said mentioned postal money orders to Petitioner's sister is a violation of his fourth amendmt. Petitioner understands that, as a prisoner, his rights under the fourth amendment are limited; Nevertheless, his constitutional rights [do not] end at the Prison walls, (see Giamo v. Senkowski, 54 f3d. 1050 (2nd cir. 1995), And he is still protected from any [unreasonable] seizure of his monies. Defendant's have seized and with held three (3) Postal money order's consisting of a total amount of $500.00, that if returned, could have helped Petitioner's family in ways that would benifit his children.

    "..... The right of the people to be
    secure in their persons, houses, papers,

[4] Also see; Coldwell v. Miller, 790 f2d. 589 (7th cir. 1986); Payne v. Blox, 714 f2d. 1510 (11th cir. 1984) An Inmate has the right to expect Prison officials to follow it's Policies and regulations. Also see; Jacobs, Visonsi and Jacobs Co. v. City of Lawrence, KS., 927 f2d. 1111 (10th cir. 1991).

PELICAN LAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

and effects, against unreasonable
searches and seizures, shall not
be violated..." (4th Amendment of
the constitution of the United States)

Petitioner assert's that innocent behaviour does not
constitute misconduct; Any reasonable inference may not be based
on suspicion alone, or on imagination, speculation, conjecture,
or guess work. (People v. Austin (1994) 23 cal. App. 4th 1596,
1604; Ridout v. Superior court (1967) 67 cal. 2d. 471; People
v. Mardian (1975) 47 cal. App. 3d. 16.)

Furthermore, there was no evidence of misconduct, in
fact, the hearing Officer failed to produce the envelope and
christmas card in question; without this evidence, there is
no substantial evidence to support [ANY] kind of
misconduct or Promotion of Gang activity (CCR Title 15§
3023 (b) or §3023(A); Brit v. Superior court (1973) 34
cal. App 3d 934, 937.

Even if this court deem's that the institution has
acted lawfully, the court [must] find that the institution
is in violation of Petitioner's right's to EQUAL PROTECTION of
Law, provided to him under not only the fourth Amendment,
but also the fourteenth Amendment which, requires the state
to give similarly situated person(s) or classes similar

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

treatment under the law.

"... EQUAL Protection does not require
that all person(s) be delt with
identically but it does require that a
distinction may have some relevance
to the purpose for which the
classification is made ..." (See;
Baxstrom v. Herold, 383 U.S. 107,
111, 86 S. CT. 760, 763 (1966)).


"[T]he equal protection principle is
exclusively associated with written
constitutions and embodies guarentees
of equal treatment normally applied
[not only] to the procedural enforcement
of Law's, but also to the substantive
of their provisions; In other words,
the equal protection of the law is
normally and invariably treated as
a substantive constitutional principle,
which demands that Law's will only
be legitimate if they can be
described as just and equal." (Polyvirus
G. Polyvian," The EQUAL Protection of

(16)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

the law, (*4; 1980).

It is clearly a violation of equal protection in the instant matter, as Petitioner has set forth and as Applied. Petitioner should Prevail in this instant claim.

II

THE CONTINUED RETENTION OF
PETITIONER'S POSTAL MONEY ORDER(S)
FROM HIS SISTER, BASED ON A
"PREDICTIVE" THEORY, VIOLATES ALL
BASIC PRINCIPLES OF DUE PROCESS.

Under the conditions Petitioner has asserted herein, Other courts have found that this type of "Predictive" theories is enough to engage the DUE PROCESS CLAUSE. ( Kirch V. Lewis, 216 F. Supp. 2d. 1002-1003 )[2]

The due process clause of the 14th Amendment provides

2) The constitutional provisions that prohibits the Government from Unfairly or Arbitrarily depriving a person of Life, Liberty, or property; Also see, U.S. V. Deters, 143 F.3d. 577 (10th Cir. 1998); Porter V. Singletary, 49 F.3d. 1483 (11th Cir. 1995).

(17)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

inmate(s) with two (2) types of safeguards; The first is procedural protections. Generally, adequate notice, an opportunity to be heard, and periodic review; (WOLF V. McDONNELL, 418 U.S. 539-70, 94 S. Ct. 2963, 41 L.Ed. 2d. 935 (1974)). The second type of safeguard consist of evidentiary protections. Prison officials [can not] deprive an inmate of a constitutional liberty absent a sufficient evidentiary basis. The Supreme Court has held, that, at the very least, there must be "some evidence on the record", supporting the decision to retain said monies. State officials here at Pelican Bay State Prison willfully, and with no regard for Petitioner's constitutional Rights, provided to his person by law, failed to live up to the findings, and therefore neglected to return said mentioned Postal money orders to Petitioner's sister and/ or original sender; And to state that they have, yet will not show proof to Petitioner, is a violation of not only Petitioners 4th Amendment, but his 14th Amendment under the constitution of the United States. (See; U.S. v. $506,231.00 in currency, 125 f.3d. 442 (7th cir. 1997): Goverment may not seize money, even half a million dollars, based on it's bare assumption that most people do not have huge sum's of money lying about, and if they do, they must be involved in narcotic's trafficing, or some other sinister activity.)

    Due Process is a flexible concept that balances the need

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

to avoid arbitrary deprevations of liberty against the
interest of differential Prison Administration. (Hill, 472 U.S.
at 454-55, 105 S.Ct. 2768). The federally protected Due Process
clause requires more than just a "Predictive" theory in which
the institution justifies the continued retention of Petitioner's
three (3) Postal money-order's from his sister; thus offending
the Due Process clause. Plaintiff must prevail on this claim.

## CONCLUSION

For the above stated reasons, this court should conduct
a review of Petitioner's complaint, and illegal retention of
Petitioner's three (3) Postal money order's; And determine
Petitioner's assertions herein; And find that Petitioner's
Judicial questions are valid, and order the return of his
Postal money order's back to the original sender; And therefore,
the relief sought on this Petition, should be granted.

Date: February 27th, 2008

Respectfully Submitted

151 Art Romo

ART ROMO (#T-63619

IN PRO PER

(19)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

# EXHIBIT-A
### (PG's 1-19)

STATE OF CALIFORNIA                                                                         DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)



Location: Institution/Parole Region    PBSP    Log No. **D06-02467**    Category **1-7**
1. _____    1. _____    **D06-06-0015**
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Art Romo | T-63019 | S-H-U- | D-1-114 |

A. **Describe Problem:** On 6-26-06 I was given a copy of R.V.R's D06-06-0015. On 7-21-06 At the hearing I submitted a Declaration as to the facts in which I declared to be true to the best of my knowledge. I also had with me copies of the writs I filed in the Courts. Both of these writs prove that Cramer & Valdez helped me draft both of the writs these writs also prove that there was no promoting gang activity as prescribed CCR 3023(b) or 3023(a) and furthermore it would prove that gesture was sincere as I declared on my declaration. "Innocent behavior does not constitute misconduct" See Declaration More specificall[y] reasonable inference may not be based on suspicion alone, or →

If you need more space, attach one additional sheet.    ( See Attachment pg Part A Continued )  →

B. **Action Requested:** A full investagation to clear up this Misunderstanding

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Inmate/Parolee Signature: *Art Romo*    Date Submitted: *August 20, 2006*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____



STATE APPEALS BRANCH
DEC 11 2006
RECEIVED

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

AUG 24 2006

SEP 28 2006
2nd / Appeal

*By Pass*

Staff Signature: _____  Title: _____  Date Completed: _____
Division Head Approved:
Signature: _____  Title: _____  Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

*By Pass*

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **9/28/06**  Due Date: **11/13/06**
☑ See Attached Letter

Signature: _____  Date Completed: **11-7-06**
Warden/Superintendent Signature: _____  Date Returned to Inmate: **11-15-06**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Ⓒ ① I Art Romo T-63069 am dissatisfied with the determination of issue and ask the Director to review this 602. The allegations are false and without merit. ② Correction officers or director have failed to send the money orders back to my sister. ③ My sister has a different address from the one in the visiting form, because she moved after that visiting form was filled out. I never even got a visit here at P.B.S.P. ... My sisters visits have been disapproved behind this unfair disciplinary action. Please grant me relief. Thank you.

Signature: *Art Romo*  Date Submitted: **11-29-06**

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____
☑ See Attached Letter

FEB 2 6 2007
Date: _____

CDC 602 (12/87)

②

(3) (A)

**PELICAN EAST STATE PRISON**
**SECURITY HOUSING UNIT**
**UNIT D-1**

Pg# 2 of 2

on imagination, speculation, conjecture or guess work People v. Austin (1994) 23 Cal. App. 4th 1596,1604; Ridout v. Superior Court (1967) 67 Cal. 2d 471; People v. Mardian (1975) 47 Cal. App. 3d 16, On 7-21-06, At the hearing Hearing Officer found me guilty on Mere suspicion alone, imagination, speculation, conjecture and guess work. There was no evidence of misconduct infact the Hearing Officer failed to produce the envelope and Christmas card in question, without this evidence there's no evidence to support any kind of misconduct or Promotion of Gang Activity C.C.R 3023(b) or 3023(A) Brit v. Superior Court (1973) 34 Cal. App. 3d 934, 937.

On page 2 of 3 of the hearing report, I was never asked any of those questions that the Senior Hearing Officer supposedly asked me (check the recorded tape of the Hearing) The only thing that I ever admitted to is in my Declaration. The money orders were never hidden and the money order that was sent for me was for my books in case I needed to make more legal copies in the Law Library and for canteen, Everything else is nonsense . . . . .

The aforementioned statement, regarding the rules violation (Report) are my own, are true and correct.

Dated August 20, 2006       signature Art Romo

Pg# 1-of-2

(4)(a)

## Declaration

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

I, Art Romo T-63019, Am the inmate issued the R.V.R (Log No. D-06-0015) and in relation thereto, under penalty declare as follows;

1.) The money I had sent to the two inmates mentioned in the R.V.R was NOT for any gang activity nor any illegal acts (UNBENOWNST to the inmates I sent the money as a gesture of goodwill for the their efforts);

2.) I would not have had all of three money orders sent in the same mailing had the money been for illegal/criminal purposes;

3.) The charge that I violated C.C.R. 3023(a) is nonsense since there is NO allegation nor evidence of any financing or soliciting of any unlawful acts or acts of misconduct (surely an inmate assisting another inmate with drafting and filing a writ is NOT unlawful nor constitutes misconduct);

4.) Inmates Cramer (D-61560) and Valdez (K-93895) researched, drafted and helped me write out the two writs I filed (Inmate Romo V. People Calif & C.Doc. No. 5138682 (2005); and Romo V. State of Calif, Et, Al. No. SA CV-05-764-NM (P.J.W)

5.) I have a copy of each of the aforementioned writs

Pg # 2 of 2

(5) A)    PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

wherein inmates Cramer, Valdez and myself shared
in the writing and can be easily seen and proven due to
the different writing styles;

b)  The RVR's citing to the operational manual (section
54010.13) is nonsense since as recently as May 24th, 2006
P.B.S.P.'s legal representation (in the case of IN. Re ROMAN,
No. HcpB04-5236) Declared in open Court that the O.P. does
not counter any Rights to inmates nor does it carry the
force of law.

    The aforementioned statement, regarding the rules
violation (Report) are my own and are true and correct.

Dated: August 20, 2006    Signature Art Romo

(A) (C)

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

804 SENT TO RECORDS ON 06-20-06

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| T-63013 | ROD | | | PBSP | D1M-215L | D06-06-0016 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3023(a) | PROMOTING GANG ACTIVITY | MAILROOM | 06-20-06 | 0930 HRS |

CIRCUMSTANCES

On Monday, May 22, 2006,  at approximately 1300 hours, while assigned to the Security Squad I received a one page a photo copy from the mail room with three individual postal money orders copied on it.  On Monday, May 22, 2006,  I contacted the mail room via telephone to inquire about the photo copy of the postal money orders I had received.  I  spoke with Office Assistant D. Depew with regard to the photo copy of the postal money orders.  Ms. Depew informed me that mail room staff discovered all three postal money orders secreted in a Christmas card with the same sender information listed on all three postal money orders and the photo copy was forwarded to the Security Squad for review.  I received a photo copy with the following information on this mail room:

SECURITY HOUSING UNIT

UNIT D-1

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| J. HERNANDEZ, CORRECTIONAL OFFICER | 10-25-06 | SECURITY SQUAD | 2/W  S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| SERGEANT W. HARDING | 6-25-06 | DATE N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | F | 6-26-06 | M. PENA, CCII | ☐ HO ☑ SHO ☐ SC ☐ FC |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
| | W. Coleman | | 1005 | Copy of money order sent to Von Romo | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) W. Coleman | DATE TIME 1005 |

HEARING

The issuing officer used simple sentences to ensure the inmate understood what was issued to him as well as the circumstances of the offense.

W. Coleman

SIGNATURE OF ISSUING OFFICER

SEE ATTACHED 115-C FOR HEARING SUMMARY

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
| CORRECTIONAL LIEUTENANT S.C. CASTRO | | S.C. Castro | 9/1/06 | 0907 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| CAPTAIN G.A. KELLEY | 8-1-06 | M. Smelosky, A.W. (A) | 9/5/06 | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) W. Coleman | DATE 8-6-06 | TIME 1050 |

CDC 115 (7/88)

PELICAN BAY STATE PRISON

SECURITY HOUSING

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS

UNIT D-1    PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-63019 | ROMO | D06-06-0015 | PBSP | 06-20-06 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☐ IE REPORT    ☐ OTHER

1-photocopy with three postal money orders, the first postal money order, money order #09133012901, was in the amount of $200.00, and was made out payable to Art Romo (identified as validated Mexican Mafia (EME) member ROMO, T63019, from Orange County), PBSP C2-215 with the address of 5905 Lake Earl Dr., P.O. Box 7500, and under C.O.D. NO. was listed Crescent City, CA 95531. Listed under the title of "FROM", was the name Elvia Romo with address of 1341 S. Ross St., Santa Ana, CA 92707.

The second postal money order, money order #0913302026, was in the amount of $200.00, and was made payable to Armando Cramer (identified as validated EME associate CRAMER, D81560, AKA Termite from Rancho San Pedro). Under "ADDRESS" the sender wrote D-61560 C2-213, 5905 Lake Earl Dr., P.O. Box 7500, and under C.O.D. NO. was listed Crescent City, CA 95531. Listed under the title of "FROM", was the name Elvia Romo with address of 1341 S. Ross St., Santa Ana, CA 92707.

The third postal money order, money order #09133024037, was in the amount of $100.00, and was made payable to Chris Valdez (identified as Southern Hispanic VALDEZ, K93895). Under "ADDRESS" the sender wrote K-93895, C2-113, 5905 Lake Earl Dr., P.O. Box 7500, and under C.O.D. NO. was listed Crescent City, CA 95531. Listed under the title of "FROM", was the name Elvia Romo with address of 1341 S. Ross St., Santa Ana, CA 92707.

All three money orders have Elvia Romo with the address of 1341 S. Ross St., Santa Ana, CA 92707, listed as the purchaser of the money orders. Institutional records confirm all three inmates were housed in C2 during December of 2005, which is the month that the money orders have listed as the purchase date.

I checked ROMO'S CDCR visiting records and identified Elvia Romo as ROMO'S sister, and her address listed on the visiting records differed from the one she listed on the money orders.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

disciplinary action

| | SIGNATURE OF WRITER W. Colema | | DATE SIGNED 6-25-06 |
|---|---|---|---|
| | H J Hernandez | | |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) W. Colema | DATE SIGNED 6-26-06 | TIME SIGNED 1005 |

STATE OF CALIFORNIA     PELICAN BAY STATE PRISON

RULES VIOLATION REPORT - PART C     SECURITY HOUSING UNIT   DEPARTMENT OF CORRECTIONS    PAGE 3 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-51910 | ROMO | DD6-06-0015 | DUHO-PBSHU(07) | 06-19-06 |

| ☐ SUPPLEMENTAL | ☐ CONTINUATION OF | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

On Monday, June 19, 2006, at approximately 0920 hours Security Squad Officer R. Navarro and I interviewed inmate ROMO regarding the money orders. ROMO stated "CRAMER and VALDEZ helped me with a Writ, when I was housed in C2". ROMO stated "they did not ask me for the money for helping me. I wanted to pay them for helping me." ROMO stated that "Elvia Romo is my sister and I told her to send the money orders to CRAMER and VALDEZ."

ROMO admits to giving his sister Elvia Romo the CDC numbers and housing information for both CRAMER and VALDEZ. Additionally, ROMO admits to telling his sister to forward funds to inmates CRAMER and VALDEZ on his behalf as payment for legal services (Writ). Although, ROMO states the payment for both inmates was because they helped him with legal services, it is common practice for EME members to have funds sent to EME associates for payment on illicit activities which they directly manage for a specific EME member out in the public. Because of the total dollar amount ($500.00) that was sent in to the inmates accumulatively, this would lead a reasonable person to believe the funds were not for the services that ROMO indicated at the time he was interviewed.

ROMO is in violation of CCR 3023 (a) which refers to promoting, furthering or assisting gangs as described in Section 3000. That section list examples of gang activity, stating these include "planning, organizing, threatening, financing, soliciting or committing unlawful acts or acts of misconduct as classified as serious pursuant to section 3315.

Additionally, Operation Manual Section 54010.13 Funds Enclosed in Correspondence, states in part: Funds from families of other inmates shall not be accepted unless the other inmates are members of the same family.

The date of discovery for this CDCR 115 is June 19, 2006, which is the date the investigation was completed. The money orders will be forwarded to the Trust Office by the Mail Room Staff and held in the Trust Office pending notification from the Senior Hearing Officer of their disposition pending adjudication of this CDCR 115.

Copies of all documents are attached except a copy of ROMO's CDCR 120 Visiting Card, because of the sensitive information listed (drivers license numbers and date of birth etc.) is deemed confidential as per CCR 3321 (a) (1) information which, if known to the inmate would endanger the safety of any person.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| SIGNATURE OF WRITER | W Coleman | DATE SIGNED |
|---|---|---|
| | Hernandez Correctional Officer 10-23-06 | |

| | GIVEN BY: (Staff's Signature) W. Coleman | DATE SIGNED 10-26-06 | TIME SIGNED 1005 |
|---|---|---|---|

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)          OSP 99 25082

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

PELICAN L A . S DEP ERPRIS PO CORRECTIONS
SECURITY HOUSING UNI AGE    1    OF    3
UNIT D-1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-63019 | ROMO | D06-06-0015 | PBSP | 7/26/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing:** The hearing was convened on 7/21/06, at approximately 0907 hours when I introduced myself to ROMO as the Hearing Officer for this disciplinary. ROMO stated he was in good health with normal vision and hearing. ROMO acknowledged that he received a copy of the following documents more than 24 hours in advance of the hearing: CDC-115, and photocopy showing all three Postal Money Orders. This report as well as the disciplinary charge of PROMOTING GANG ACTIVITY was reviewed with ROMO in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process:** The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report. The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant:** A Staff Assistant was not assigned as ROMO agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, ROMO confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee:** Investigative Employee was assigned. IE was reviewed in hearing. ROMO acknowledges receiving and reviewing the completed IE report more than 24 hours in advance of the hearing. In the hearing, ROMO stated that he is satisfied with the completed report.

**Request for Witnesses:** ROMO requested the Reporting Employee as a witness. Request granted. ROMO also requested inmates CRAMER, D-61560, and VALDEZ, K-93895 as a witness to give the following anticipated testimony: They helped with my legal work and the money orders were payment as a gesture of good will. Per CCR 3315 (e)(1)(B), a witness request will be denied if the SHO determines the anticipated testimony from the requested witness is either not relevant or adds no additional information. Request denied as it is my conclusion this anticipated testimony is not relevant to the issues of this hearing.

**Video and photo evidence:** A of Photocopy of all three Postal Money Orders was used as evidence in this disciplinary hearing ROMO was provided his own copy more than 24 hours prior to the hearing.

**Plea:** Not Guilty

**Hearing testimony:** ROMO elected to present a written statement as his defense. Statement is as follows (verbatim): I Art Romo, T-63019, am issued the RVR (log #DE06-06-0015), and in relation thereto, under penalty declare as follows: 1. The money I had sent to the two inmates mentioned in the RVR was <u>not</u> for <u>any</u> gang activity or <u>any</u> illegal acts (unbeknownst to the inmates I sent the money as a gesture of goodwill for their efforts).

2. I would not have had all three Money Orders sent in the same mailing, had the money been for illegal / criminal purposes.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| S. C. Castro | | Correctional Lieutenant | | 7/26/06 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: | |
| | W. Coleman | | 8-6-06 | 1056 | |

(16)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-63019 | ROMO | D06-06-0015 | | 7/26/06 |

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E. REPORT | ☐ OTHER |

3. The charge that I violated CCR 3023 (a) is nonsense since there is no allegation nor any financing or soliciting of any unlawful acts or acts of misconduct (surely an inmate assisting another inmate with drafting and filing a writ is not unlawful nor constitutes misconduct).

4. Inmates CRAMER, D-61560, and VALDEZ, K-93895, researched, drafted, and helped me write out the two writs I filed (Inmate ROMO v People of Calif. &C DOC #5138682 (2005); and ROMO v State of Calif. (Et-al), # SA CV-05-764-NM (P.J.W.).

5. I have a copy of each of the aforementioned writs wherein inmates CRAMER, VALDEZ and myself shared in the writing and can be easily seen and proven due to the different writing styles.

6. The RVR'S citing to the Operational Manual (OP), section 54010.13, is nonsense since as recently as May 24, 2006, PBSP'S legal representation (in case of RE ROMAN, # HCPB04-5236), declared in open court that the OP does not counter any rights to inmates nor does to carry the force of law.
B/S None of this ever happened J

The Senior Hearing Officer asked ROMO if he was validated as an EME member. ROMO replied yes, Senior Hearing Officer asked if CRAMER and VALDEZ were associates, ROMO again replied yes. The Senior Hearing Officer asked ROMO, why he would have money sent to him in such a fashion (including money for himself) if not to circumvent the frozen EME Trust accounts that have been linked directly to EME gang activity. ROMO did not answer.

Finding: Guilty of the Div. F-3 (CCR 3315 (a)(2)(B) offense PROMOTION OF GANG ACTIVITY. While this offense is not explicitly listed under CCR 3315 as a serious offense, it is justified by the fact that promotion of gang activity represents a serious threat to institutional security as documented by CCR 3023 (b). Per CCR 3023 (a), inmates shall not knowingly promote or assist any gang. As defined by CCR 3000, gang means any ongoing formal or informal organization, association or group of three or more persons which has a common name or identifying sign or symbol whose members and/or associates, individually or collectively, engage or have engaged, on behalf of that organization, association, or group, in two or more acts which include planning, organizing threatening or financing, soliciting or committing unlawful acts or acts of misconduct classified as serious. Knowingly means that it is reasonable to believe that the inmate knew that his actions promoted or assisted a gang. Examples of such misconduct includes but are not limited to actions such as public display of gang symbols, wearing gang colors or using gang hand signals. This finding is based upon the following preponderance of evidence:
A. The testimony of Officer Hernandez in the disciplinary report of 6/20/06 wherein Officer Hernandez testifies that she was contacted by mailroom staff and informed they had discovered three separate postal money orders hidden in an incoming Christmas card with the same sender information as was written on the money orders. Money Order number one (# 09133012901), in the amount of $200.00, payable to ART ROMO, T-63019 (himself), validated Mexican Mafia (EME), member. The Money Order was from Elvia Romo (identified as ROMO'S sister through CDCR visiting records). Money Order number two (# 09133024026), in the amount of $200.00, payable to ARMONDO CRAMER, D-61560, validated Mexican Mafia (EME) associate. The Money Order was also from Elvia Romo. Money Order number three (# 09133024037), in the amount of $100.00, payable to CHRIS VALDEZ, K-93895, identified as a Southern Hispanic. The Money Order once again was from Elvia Romo. ROMO admitted to providing CDC numbers and housing information for both CRAMER and VALDEZ. ROMO also admits to telling his sister to forward funds to CRAMER and VALDEZ (stating it was for legal services). Officer Hernandez further states that it is common practice for EME members to have funds sent to EME associates for payment on illicit activities which they directly manage for a specific EME member out in the public. The introduction of Money orders from non-family members is a violation of DOM section 54010.13 states in part; Funds from families of other inmates shall not be accepted unless the other inmates are members of the same family.
B. Photocopy depicting all three Postal Money Orders noting Names; CDC numbers, amounts, and whom it was sent by.

| SIGNATURE OF WRITER S. C. Castro | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 7/26/06 | |
|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 8-6-06 | TIME SIGNED: 1056 |

STATE OF CALIFORNIA                                     DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C        PELICAN LATE STATE PRISON
                                                        PAGE    3    OF    3
                                       SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-63019 | ROMO | D06-06-0015 | PBSP | 7/26/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E. REPORT | ☐OTHER |
|---|---|---|---|---|---|

C.  ROMO testified (written statement), that CRAMER and VALDEZ were unaware of the money that was being sent to them, for assistance with legal work.  ROMO requested their presence as witnesses to testify the money was for legal services provided *as a gesture of goodwill* (speaks to credibility).

D.  ROMO'S defense testimony reveals he is in violation of CCR, Title 15, 3163 **Assisting Other Inmates**, which reads in part; *one inmate may assist another in preparation of documents, but shall not receive any form of compensation from the inmate assisted.*

E.  ROMO testifies that he would not have three money orders sent in the same mailing had the money been for illegal purposes.  ROMO'S statement could be a valid argument had the three money orders not been hidden in the card.

F.  PBSP has frozen many of the EME leaders' trust accounts, as these accounts have been utilized to launder illegal funds generated from illicit activities on the streets.  The EME hierarchy have been seeking new avenues (and associates), to continue to launder their illegal funds.

G.  The standard of judgment for an administrative hearing is preponderance of evidence, which means as the Hearing Officer I must accept the most reasonable explanation of the circumstances as fact.  ROMO'S story concerning the gesture of goodwill would be more believable had the money orders been sent in by conventional means.  His explanation is by no means reasonable.  ROMO'S admission of two departmental infractions to avoid documentation of gang association would lead a reasonable person to conclude his testimony was untruthful, and a poor attempt to cover his true agenda: assisting his gang financially.  ROMO'S self admission as a validated member of the EME and the admitted association with Southern and Validated EME associates, coupled with the circumvention of mail and trust account procedures (involving a large amount of money), adds additional credibility to this conclusion.

Disposition: Assessed **30** day credit forfeiture for this Div. F offense.  ROMO was informed that his credit restoration period began 6/21/06 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.

The seized Postal Money Orders will be returned to the sending party.

Due to the disposition of this RVR combined with ROMO'S hearing testimony, this document should be considered as a validation point showing continued gang activity.

Appeal rights were explained.  ROMO was referred to CCR §3084.1 and following for additional information on appeal procedures.

Additional penalties: No additional penalties were assessed.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| S. C. Castro    *S.C. Castro* | Correctional Lieutenant | 7/26/06 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE)  *W. Coleman* | DATE SIGNED:  8-6-06 | TIME SIGNED:  1056 |

61

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT       PELICAN BAY SECURITY HOUSING UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-83013 | ROMO | 3022(a) | 06-19-06 | PBSP | D06-06-0015 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | | INMATE'S SIGNATURE | | DATE |
|---|---|---|---|---|
| ☐ | I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | | N/A |
| ☐ | I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| N/A | | INMATE'S SIGNATURE | DATE |
| ☐ I REVOKE my request for postponement. | | ▶ N/A | N/A |

PELICAN BAY PRISON
SECURITY HOUSING UNIT
UNIT D-1

### STAFF ASSISTANT

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| STAFF ASSISTANT ☒ REQUESTED | ☐ WAIVED BY INMATE | ▶ *J Romo* | 6-26-06 |
| ☐ ASSIGNED | DATE        NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON   DNMC   per   CCR 3315(d)(2) | | |

### INVESTIGATIVE EMPLOYEE

| | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| INVESTIGATIVE EMPLOYEE ☐ REQUESTED | ☒ WAIVED BY INMATE | ▶ *J Romo* | 6-26-06 |
| ☒ ASSIGNED | DATE  6-26-06   NAME OF STAFF  C/o L.A. Smith | | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☒ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Comer, D-61560 | ☐ | ☒ | | ☐ | ☐ |
| Valdez, K-93895 | ☐ | ☒ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employee must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ▶ | | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ W Coleman | TIME 1005 | DATE 6-26-06 |
|---|---|---|---|

OSP 03 7484

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

RULES VIOLATION REPORT -- PART C

(13)

PAGE __1__ OF __

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-63019 | ROMO | D06-06-0015 | PBSP | 07-05-06 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☑ IE REPORT ☐ OTHER

This investigation was initially assigned to Correctional Officer L. A. Smith, RDO's T/F, on 06-26-06.

As the initial investigator, I advised inmate ROMO, that he would have an opportunity to present his case before a Senior Hearing Officer, and that the role of the Investigative Employee was to gather facts and clarify issues of the alleged violation for the Senior Hearing Officer. ROMO was further advised that pursuant to CCR 3315 (d) (1); he had the right to object to the assignment of the initial Investigative Employee.

Inmate ROMO stated that he did not have an objection.

On 07-02-06, I questioned ROMO regarding this misconduct. He had a statement to be introduced into the hearing, see attached.

On 07-02-06, I questioned Correctional Officer J. Hernandez, the Reporting Employee, regarding the charged rule violation and she stated that there was nothing to add to her report.

[ ☑ ] COPY TO INMATE ON _7-6-06_
AT _1045_ HOURS BY
CO _W. Coleman_

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| L.A. SMITH, CORRECTIONAL OFFICER | 7-5-06 |

☑ COPY OF CDC-115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| W. Coleman | 7-6-06 | 1045 |

(14)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

**UNITED STATES POSTAL SERVICE** · **POSTAL MONEY ORDER** · 16-800/000

SERIAL NUMBER 09133012901 · 2005-12-14 · $200.00¢
TWO HUNDRED DOLL * * * * * * * * * * * *

PAY TO Art Romo (B-52-205-015)
ADDRESS 5905 Lake Earl Dr.
P.O. Box. 7500
C.O.D. NO. OR PAID FOR Crescent City CA 95531

CLERK 0019

**UNITED STATES POSTAL SERVICE** · **POSTAL MONEY ORDER** · 16-800/000

SERIAL 09133024402 · 2005 · $200.00¢
TWO HUNDRED * * * * * * *

PAY TO Armando Cram...
ADDRESS D-61560 C2-...
5905 Lake Earl
C.O.D. NO. OR USED FOR Crescent

CLERK 0005

CA 93707

**UNITED STATES POSTAL SERVICE** · **POSTAL MONEY ORDER** · 16-800/000

SERIAL 09133024037 · 2005-12 · $100.00¢
ONE HUNDRED DOLL * * * * * * *

PAY TO Chris Valdez
ADDRESS K-93895
5905 Lake Earl Dr
C.O.D. NO. OR USED FOR Crescent City CA

CLERK 0005

CA 90207

09133024037

(14)

(16)

---

## PELICAN BAY STATE PRISON
### SECOND LEVEL REVIEW

---

DATE:  **NOV - 6 2006**

Inmate ROMO, T-63019
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 1, Cell 114

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

RE:     WARDEN'S LEVEL DECISION
        APPEAL LOG NO. PBSP-D-06-02467

APPEAL: DENIED
ISSUE: DISCIPLINARY
RVR LOG #: D06-06-0015

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). B. Samples, Correctional Counselor II, interviewed the inmate on November 1, 2006, at the Second Level of Review.

### ISSUES

Inmate Romo requests an investigation be conducted into a disciplinary matter.

### FINDINGS

#### I

On June 20, 2006, the inmate was issued a disciplinary for Promoting Gang Activity and subsequently found guilty of the charge. However, he disputes the finding claiming the Senior Hearing Officer (SHO) failed to establish a preponderance of evidence to substantiate the charge.

The circumstances of the offense involved mailroom staff discovering three money orders secreted in a greeting card addressed to Romo. One money order was payable to Romo, a validated member of the Mexican Mafia prison gang in the amount of $200. A second money order was payable to inmate Cramer, D-61560, a validated associate of the Mexican Mafia in the amount of $200. The third money order was payable to inmate Valdez, K-93895, a Southern Hispanic in the amount of $100. All of the money orders were purchased by Elvia Romo during December 2005 when all three inmates were housed in C2. Visiting records identified Elvia Romo as the sister of inmate Romo.

During an interview with inmate Romo on June 19, 2006, he indicated that he had the funds sent by his sister as compensation for legal assistance provided by inmate Cramer and inmate Valdez. However, the Reporting Employee (RE) did not find the inmate's claim to be credible due to the amount of the funds and believed that it was payment for illicit activities which is a common practice for members of the Mexican Mafia.

#### II

The California Code of Regulations, Title 15, Section 3320(l) requires that any finding of guilt be based upon a determination by the official conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge.

(17)

Supplement Page 2
Romo, T-63019
Appeal # PBSP-D-06-02467

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

## DETERMINATION OF ISSUE

The inmate reiterated at the hearing that the funds were not compensation for gang related activity but rather a gesture of goodwill for the inmate's efforts with his legal matters. Nevertheless, the SHO also considered the circumstances as reported by the RE and established that a preponderance of evidence existed to substantiate the charge.

Based upon this review, a determination has been made that the finding was based upon a reasonable preponderance of evidence and there is no basis to warrant a modification to the disciplinary finding, therefore, the APPEAL IS DENIED.

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS # 47 11-1-06

(18)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    FEB 2 6 2007

In re:    Romo, T-63019
         Pelican Bay State Prison
         P.O. Box 7000
         Crescent City, CA  95531-7000

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

IAB Case No.: 0606821 _____ Local Log No.: PBSP 06-02467

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #D06-06-0015, dated May 22, 2006, for Promoting Gang Activity. It is the appellant's position that the Pelican Bay State Prison (PBSP) Senior Hearing Officer (SHO) inappropriately found him guilty of promoting gang activity. The appellant asserts that he was not promoting gang activity and that his sister sent money orders to the other inmates as payment for the legal assistance that the other inmates provided to the appellant. The appellant contends that the activity does not constitute misconduct; therefore he should not have been charged. The appellant contends that he was denied the presence of the other inmates at his RVR hearing so that they could attest that the money orders were for legal services. The appellant requests a full investigation to clear up any misunderstanding.

**II  SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The Second Level of Review (SLR) found that the appellant was afforded all the required due process protections and that time constraints were met. The appellant was provided an Investigative Employee that gathered evidence for the appellant due to the appellant's confinement in the Security Housing Unit (SHU). The appellant's request that the Reporting Employee be present at the RVR hearing was granted. The appellant's request for the presence of inmate witnesses was denied by the SHO. The SHO concluded that the appellant's requested witnesses would provide anticipated testimony and would not add any new or compelling information. This was articulated within the RVR. The SLR found that the SHO appropriately assessed the evidence as presented at the RVR hearing and determined that a preponderance of evidence existed to warrant a finding of guilt. The SLR denied the appeal.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The SLR has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR thoroughly reviewed all documents relative to the appellant's RVR and finds that the SHO appropriately found the appellant guilty and assessed a credit loss commensurate with the credit forfeiture schedule. The DLR notes that the SHO thoroughly articulated the evidence and the weight that was given said evidence. The DLR finds that the appellant was afforded all the required due process protections and that time constraints were met. The appellant is advised that the appeals process is not a rehearing of the RVR and it is only a review to ensure due process and time constraint requirements were met. A review of the RVR disposition reflects that the appellant was afforded the opportunity to collect and present evidence, and he was provided the opportunity to present an adequate defense. The SHO thoroughly articulated the evidence which was used to support the preponderance standard. Therefore, no relief is provided at the DLR.

(19)

ROMO, T-63019
CASE NO. 0606821
PAGE 2

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3000, 3001, 3023, 3163, 3310, 3312, 3313, 3315, 3318, 3320, 3323
CDC Operations Manual Section: 54010.13

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Appeals Coordinator, PBSP

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

EXHIBIT-B
(PG. 1)

EXHIBIT "B"

**STATE OF CALIFORNIA**
CDC 22 (9/92)

**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST FOR INTERVIEW

| DATE | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|
| 2-19-08 | PELICAN BAY STATE PRISON | T-6309 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER | | |
|---|---|---|---|---|---|
| TO Como | D1 | 216 | | FROM | TO |

SECURITY HOUSING UNIT
UNIT D-1

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

| ASSIGNMENT HOURS | | |
|---|---|---|
| | FROM | TO |

□ You will be called in for interview in the near future if the matter cannot be handled by correspondence.

**Clearly state your reason for requesting this interview.**

Como—
Your burden of proof needs to
be that the money I ordered were
not sent back to the sender (and also
money returned).

INTERVIEWED BY

DISPOSITION
LT. Curtis claiming to have mail
money orders returned to sender the
I spoke to I&I about the possible burnt

| | DATE |
|---|---|

EXHIBIT "B"

1 (c)

Art Romo #T-630M
P.O. Box #7500 / D1-216⁶
Crescent City, CA. 95532
Pelican Bay State Prison, S.H.U.
  In Pro Ree

                                    march 4ᵗʰ, 2008

Office Of the Clerk, U.S. District Court
Northern District Of California
450 Golden Gate Avenue
San Francisco, CA. 94702

IN RE; The unwarrented "stamps" used by Pelican Bay State
      Prison Staff (law library) on Pro-SE inmates' legal
      documents to the Courts;

Dear Sir;
        This is in regards to Petitioner's writ of Habeas
Corpus enclosed; These are legal document(s) to the United
States District Court, But the Staff here at Pelican Bay
State Prison, law library, blaintedly and without any regard
for the time Pro-se inmate(s) take to put our legal work
together, "Stamp" [all over] the faces of inmates legal
papers that are going to the Courts; Just to stipulate
from where it's deriving; when All Pelican Bay State

                          (1)

Prison [needs] to do is "stamp" the backs of Petitioner's legal document(s), as so the Courts can recieve Pro-se legal documents, that are legable.

This retalitorial tactic is just a "Sample" of Pelican Bay State Prison's vindictiveness towards Pro-se individuals trying to find justice thru the legal System. I humbly request that the honorable Courts mandate a court order in hopes of negating this situation, for it's hard enough to do legal work without, this institution "stamping" it until it's unlegable.

Thank you for your time.

Respectfully Submitted

/S/ _Art Romo_

Art Romo / #T-63019

In Pro Se

②

NAME: Art Romo T63049
CDC NO. T63049 HOUSING: D 1-216

PELICAN BAY STATE PRISON

PELICAN BAY STATE PRISON
5905 Lake Earl Dr.
Crescent City, CA 95532

U.S. POSTAGE
$ 04.90°
MAILED FROM ZIPCODE 95531



RECEIVED

MAR 10 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. Northern Dist. of Ca.
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

RECEIVED
MAR 11 2008
BY:_____

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1