NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART ROMO, | No. C 08-1418 JF (PR) |
| Petitioner, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| v. | |
| ROBERT A. HOREL, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition challenges Petitioner's conditions of confinement in the Security Housing Unit ("SHU") at Pelican Bay State Prison.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Jf\HC.08\Romo418disrem.wpd

prisoner's release on parole, must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Accordingly, the Court will dismiss this habeas action without prejudice because Petitioner's claims do not challenge the legality of his conviction or sentence. Instead, Petitioner's claims concern the conditions of confinement in the SHU at Pelican Bay State Prison. Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983. Petitioner may choose to file a civil rights complaint in a new case on the enclosed civil rights complaint form.

## CONCLUSION

The instant petition for writ of habeas corpus is DISMISSED without prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: __5/8/08__         _____
                          JEREMY FOGEL
                          United States District Judge

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Jf\HC.08\Romo418disrem.wpd          2